NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000581**
**30-JAN-2013**
**08:57 AM**

NO. CAAP-11-0000581

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MARTIN M.V. HELSEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
LAHAINA DIVISION
(CASE NO. 2P411-00077)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginzoa, JJ.)

Defendant-Appellant Martin M.V. Helsen (Helsen) appeals from the Notice of Entry of Judgment and/or Order, entered on June 6, 2011 in the District Court of the Second Circuit, Lahaina Division (District Court).[1]

Helsen was convicted of Criminal Trespass in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-814(1)(b) (Supp. 2012).[2]

---

[1]    The Honorable Eric G. Romanchak presided.

[2]    HRS § 708-814(1)(b) states in relevant part:

**§708-814 Criminal trespass in the second degree.** (1) A person commits the offense of criminal trespass in the second degree if:

. . . .

(b)    The person enters or remains unlawfully in or upon commercial premises after a reasonable warning or request to leave by the owner or lessee of the commercial premises, the owner's or lessee's authorized agent, or a police officer;

(continued...)

On appeal, Helsen contends there was insufficient evidence to support his conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Helsen's points of error as follows:

Helsen argues that there was insufficient evidence presented in support of his conviction and the State failed to prove that the offense occurred on commercial premises, that no warning or request to leave was given by an owner, lessee, or lessee's authorized agent, that there was no reasonable warning or request to leave, and that Helsen was not on the premises on the date in question.

The State contends that there was sufficient evidence to convict Helsen. With respect to Helsen's first point of error, the State argues that "although there was no direct testimony adduced at trail [sic] that the Alano Club was a commercial property, the facts indicate that the Alano Club was a commercial property, an income producing property." The State argues that:

> In order to keep the operations of the Alano Club, there must be expenses incurred to meet the needs and maintenance of the building and the parking lot, as well as the purchase of food, utensils and utilities for the dinners being served. By necessity, the Alano Club, an establishment, must produce income to maintain itself and to keep its operations going on. Thus, the Alano Club, an establishment, was an income producing property.

The State argues that the trial judge was free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

In State v. Cavness, 80 Hawai'i 460, 466, 911 P.2d 95, 101 (App. 1996), this court noted that the phrase "commercial premises" is not defined by statute. In Cavness, this court

---

[2](...continued)
provided that this paragraph shall not apply to any conduct or activity subject to regulation by the National Labor Relations Act.

2

applied the definition from Black's Law Dictionary which defined "commercial property" as "income producing property (e.g. office building, apartments, etc.) as opposed to residential property." Id. (brackets omitted).

The inference argued by the State is not reasonably supported by the evidence presented. The State admits there is no direct evidence that the Alano Club produces income. The only evidence adduced at trial was that the Alano Club served food at meetings allowed on the premises. Contrary to the State's argument, this fact does not reasonably support the inference that the Alano Club produced income in order to fund its activities as there was no evidence establishing how the club paid for its expenses. In addition, the manager of the club testified that he resided on the premises. Thus, there was direct evidence that the premises was residential in nature. Thus, the State failed to adduce sufficient evidence that the premises was a commercial property within the meaning of HRS § 708-814(1)(b). Proof that Helsen entered or remained on a commercial premises was an essential element of Criminal Trespass in the Second Degree, in violation of HRS § 708-814(1)(b). Therefore, the State failed to prove all essential elements in order to convict Helsen. Consequently, we need not address Helsen's other points of error.

THEREFORE,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, entered on June 6, 2011 in the District Court of the Second Circuit, Lahaina Division is reversed.

DATED: Honolulu, Hawai'i, January 30, 2013.

On the briefs:

Davelynn M. Tengan,
for Defendant-Appellant.

Artemio C. Baxa,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3